UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDDIE WILLIAMS, JR., ) | |
| ) | |
| Petitioner, ) | 3 09 0586 |
| ) | |
| v. ) | No. 3:09mc0032 |
| ) | Judge Echols |
| RICKY BELL – WARDEN, ) | |
| ) | |
| Respondent. ) | |

## ORDER

On April 15, 2009, the petitioner, who has three strikes under 28 U.S.C. § 1915(g), was directed to pay the full three hundred fifty dollar ($350.00) filing fee within thirty (30) days of the date of entry of that Order, or this action would be dismissed, and the full amount of the filing fee would be assessed against him. (Docket Entry No. 3). On May 21, 2009, the Court granted the petitioner an extension of time until March 5, 2009 to comply with the Court's April 15, 2009 Order (Docket Entry No. 6) The petitioner has not complied with the Court's prior Orders.

The Clerk is **DIRECTED** to file the complaint

The petitioner is herewith assessed the $350.00 civil filing fee. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002). Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian of the petitioner's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to the petitioner's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the petitioner's inmate trust account for the prior six (6) months

Thereafter, the custodian shall submit twenty percent (20%) of the petitioner's preceding monthly income, or income credited to the petitioner's inmate trust account for the preceding month, but only when such monthly income exceeds ten dollars ($10.00). Such payments shall continue until the $350.00 has been paid in full to the Clerk of Court as prescribed by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(b)(2).

This action is **DISMISSED** for failure to comply with the Orders of the Court, and for want of prosecution. *In re Alea*, 286 F.3d at 382.

The Clerk is **DIRECTED** to forward a copy of this Order to the Warden at the Riverbend Maximum Security Institution in Nashville to ensure that the custodian of the petitioner's inmate trust fund account complies with the portion of the Prison Litigation Reform Act that pertains to the payment of filing fees. Should the petitioner be transferred from his present place of confinement, the custodian of his inmate trust fund account shall ensure that a copy of this Order follows the petitioner to his new place of confinement. All payments made pursuant to this Order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

Also before the Court is the petitioner's notice of appeal [1] (Docket Entry No. 8). The Court construes Rule 4(a)(2), Fed. R. App. P. to pertain to the notice of appeal.

The petitioner has not filed an application to proceed *in forma pauperis* on appeal. However, any application to proceed *in forma pauperis* on appeal would have been futile for the following reasons. First, an appeal from the judgment of the Court would not be taken in good faith. 28 U.S.C. § 1915(a)(3). Second, as previously established, the petitioner is a 3-striker under 28 U.S.C.

---

[1] In his notice of appeal, the petitioner states that he is appealing "the final judgment entered in this action on the 5th day of June, 2009." (Docket Entry No. 8) Final judgment had not yet entered when the petitioner filed his notice of appeal. Moreover, no Order entered in this action on the date specified.

2

§ 1915(g). Because the petitioner does not claim to be in imminent danger of serious physical injury, he may not proceed on appeal *in forma pauperis*.

The petitioner has thirty (30) days from the date of entry of this Order to remit to this Court the full four hundred fifty-five dollar ($455.00) appellate filing fee. *In re Alea*, 286 F.3d at 382. The petitioner is forewarned that, failure to remit the full $455.00 appellate filing fee may result in his appeal being dismissed by the Sixth Circuit, in which case the full amount of the appellate filing fee will be assessed against him anyway. *Id.*

The Clerk is **DIRECTED** to forward a copy of this Order to the Clerk of Court for the Sixth Circuit Court of Appeals.

Entry of this Order shall constitute the final judgment in this matter.

It is so **ORDERED.**

Robert L. Echols
United States District Judge